Battle, J.
 

 We agree with his Honor that this action cannot be sustained. At the time when the money 'was; placed by the relator in the hands of the defendant Long, he had ho right to receive it in his official capacity. The precept, which he then had, commanded him to take
 
 *515
 
 the body of the relator and to keep him safely to answertke action, but it gave him no authority to receive the relator’s money. The sheriff then was but the private agent of the party to pay the debt, and he alone is responsible in,his private capacity for his breach of trust. It is well known to the profession that, prior to the year 1818, Constables and their sureties were not liable on the official bonds of the former for money paid to them without suit, on claims put into their hands for collection ; and that an Act was passed in that year, 1 Rev. Stat. Ch. 24 Sec. 7 to make them and their sureties liable, whether the money were paid with or without a suit. Even to this day, neither constables nor sheriffs are liable officially for money collected by them on notes above the jurisdiction of a single justice.
 
 Kesler
 
 v.
 
 Long,
 
 7 Ired. Rep. 379. The same principle is applicable to this case. But it is con* tended by the plaintiff’s counsel that the defendant, Long, had the money when the execution came to his hands, and that he afterwards held it officially, and he cites the case of the
 
 State Bank
 
 v.
 
 Twitty, 2
 
 Hawks Rep. 5 as in point. But unfortunately for the argument and the authority there is no evidence, that the money was in Long’s hands after he received the execution. That was never returned by him much less returned “ satisfied,” as in thp
 
 State Bank
 
 v.
 
 Twitty.
 
 The law certainly will not raise the presumption, that he kept the money for more thap six months, in the absence of any proof to show it. Thp judgment must be affirmed
 

 Per Curiam. Judgment affirmed,